UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL MEDELLIN,

    Plaintiff,

vs.

CASE NO.:

RADIOLOGY REGIONAL CENTER
PROFESSIONAL SERVICES, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MIKE MEDELLIN ("Plaintiff"), files this Complaint against Defendant, RADIOLOGY REGIONAL CENTER PROFESSIONAL SERVICES, LLC, a Florida Limited Liability Company ("RRC"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Family Medical Leave Act ("FMLA") 29 U.S.C. §2601 *et seq.*, and the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337, §216(b) of the FLSA, and §107 of the FMLA, 29 U.S.C. §2617(a)(2) and the authority to grant equitable relief under the FMLA, pursuant to the same section.

3. This Court has supplemental jurisdiction over Plaintiff's claims for unpaid PTO under Florida state law pursuant to 28 U.S.C. §1337, because this claim arises from

1

the common nucleus of facts as Plaintiff's claims under the FMLA, over which this Court has original jurisdiction.

4. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendant regularly conducts business in this judicial district.

## PARTIES

5. At all times material to this action, Plaintiff was a resident of Lee County, Florida.

6. At all times material to this action, RRC was, and continues to be a limited liability company, engaged in business in Florida, doing business in Lee County.

7. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FMLA and the FLSA.

8. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FMLA and the FLSA.

9. Defendant was, and continues to be, an "employer" within the meaning of the FMLA and the FLSA.

10. At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as office supplies, computers, telephones and

radiology equipment which were used directly in furtherance of Defendant's business activity.

13. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

14. At all times relevant hereto, Plaintiff worked at a location where RRC employed 50 or more employees within a 75 mile radius.

15. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

16. Plaintiff was also an employee entitled to leave under the FMLA at all relevant times because he was determined, by RRC, to be eligible for FMLA leave beginning in December 2018.

## STATEMENT OF FACTS

17. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised his rights pursuant to the FMLA and Defendant interfered with Plaintiff's right to take FMLA leave and discriminated and retaliated against Plaintiff because he requested and took FMLA leave.

18. Plaintiff was hired by RRC in August 2014 as an HVAC maintenance technician.

19. Plaintiff suffers from a serious health condition, as that term is defined by the FMLA.

20. Plaintiff worked for RRC as a HVAC maintenance technician from 2014 to 2019.

21. Between 2014 and November 2018, Plaintiff was not issued any written discipline.

22. Between 2014 and November 2018, Plaintiff was not issued any oral discipline.

23. In fact, Mr. Medellin had always performed his job well, had no negative performance evaluations.

24. Mr. Medellin got regular raises, from $21/hr when he started to $31/hr at the end of his employment.

25. New management took over RRC in December 2018.

26. Under the prior management, after Mr. Medellin's first raise he was asked to cover Bill Kandravi (the prior maintenance supervisor) whenever he was off, sick or on vacation.

27. Mr. Medellin was also sent to, and completed, two specialized classes: one with Aaon factory service in Tulsa Oklahoma; and the other with Kkt Krauss in Chicago.

28. Prior to new management taking over, RRC permitted Mr. Medellin to take time each Monday to attend to his medical treatment.

29. The maintenance supervisor who took over in December 2018 was Robert Scott Harod.

30. Before Mr. Harod was aware of Mr. Medellin's condition, he expressed no concern about Mr. Medellin or his work.

31. After the first Monday that Mr. Medellin left early for his treatment, and Mr. Harod became aware of his condition, the Mr. Harod's attitude toward Mr. Medellin changed.

32. After Mr. Harod became aware of Mr. Medellin's condition, even though Mr. Medellin had years of experience working as a chiller technician, he had been the person to cover for the prior maintenance supervisor, and there had been no issues with his work, Mr. Harod mentioned to him that he needed "someone knowledgeable" for the job.

33. Given Mr. Medellin's years of knowledge and experience, this comment did not make sense, and marked a dramatic change in attitude from the way the supervisor had treated him before finding out about his illness.

34. Mr. Medellin's FMLA leave request was approved on December 27, 2018.

35. On December 29, 2018, Mr. Medellin took FMLA-approved leave.

36. Mr. Medellin used his approved leave to travel to Atlanta to see a specialist at Emory. He underwent procedures, and recovery from those procedures, and traveled back to Florida, arriving back to work on January 10th.

37. The **same day** Mr. Medellin returned from his protected leave, he was handed a severance agreement, and told that he was not needed any more.

38. No one else was terminated at the same time as Mr. Medellin.

39. Mr. Medellin was not told of any performance issues.

40. Mr. Medellin was offered a severance payment if he signed a release which would have released the claims raised in this lawsuit.

41. Mr. Medellin did not sign the severance agreement.

42. Defendant conditioned payment of Plaintiff's accrued but unused PTO on Plaintiff's signing of the severance agreement and releasing his claims.

43. RRC's policy was to pay accrued but unused PTO at the time of termination.

44. RRC paid accrued but unused PTO to people who were terminated who had not used FMLA leave.

45. Defendant's actions were unlawful because Defendant interfered with Plaintiff's rights under the FMLA, and retaliated against Plaintiff for taking protected leave.

46. Mr. Medellin routinely worked over forty hours in a workweek.

47. In the final years of his employment, Mr. Medellin was made to 'bank' his hours over forty, to be paid out in weeks of under forty hours, rather than having it paid out at an overtime rate.

48. As such, Mr. Medellin was not paid at a rate of one and one-half times his regular rate of pay for all hours worked over forty in a workweek in one or more workweeks during the two years preceding the filing of this Complaint.

49. Mr. Medellin was not paid at a rate of one and one-half times his regular rate of pay for all hours worked over forty in a workweek in one or more workweeks during the three years preceding the filing of this Complaint.

50. The Company's handbook demonstrates that the Company was fully aware of its obligation to pay overtime at time and one-half Mr. Medellin's regular rate of pay, and simply chose not to for the last year and a half of Mr. Medellin's employment.

51. Mr. Medellin is owed overtime premiums for hours over forty which were paid at a straight time rate.

52. RRC did not act in good faith in its failure to pay Mr. Medellin overtime premiums, instead requiring him to "bank" his overtime hours.

53. RRC's violation of the FLSA was willful, as its handbook shows that it knew that it should have paid Mr. Medellin overtime premiums, and it willfully chose not to do so.

## COUNT I
## INTERFERENCE WITH RIGHT TO TAKE LEAVE

54. Plaintiff re-alleges paragraphs 1 through 45 of the Complaint, as if fully set forth herein.

55. At all times relevant hereto, Defendant interfered with Plaintiff's right to take FMLA leave from work.

56. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

57. At all times relevant hereto, Plaintiff was eligible for FMLA leave.

58. Plaintiff gave Defendant appropriate notice of his need to be absent from work, due to his serious medical conditions.

59. Defendant interfered with the exercise of Plaintiff's right to unpaid leave, because Defendant did not allow Plaintiff to be reinstated to his position upon his return from FMLA leave.

60. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

61. Because Defendant cannot show that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

WHEREFORE Plaintiff, MICHAEL MEDELLIN, demands judgment against Defendant for the value of lost compensation, an equal amount as liquidated damages, other monetary damages, interest, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## FMLA RETALIATION

62. Plaintiff re-alleges paragraphs 1 through 45 of the Complaint, as if fully set forth herein.

63. At all times relevant hereto, Defendant retaliated against Plaintiff because Plaintiff exercised his right to take leave from work that was protected under the FMLA.

64. Defendant retaliated against Plaintiff in violation of the FMLA.

65. At all times relevant hereto, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

66. At all times relevant hereto, Plaintiff was eligible for FMLA leave.

67. Plaintiff gave Defendant appropriate notice of his need to be absent from work.

68. Defendant retaliated against Plaintiff for exercising his right to FMLA leave, specifically by terminating Plaintiff because he took protected FMLA leave.

69. Defendant retaliated against Plaintiff when it refused to pay him his accrued unused PTO, despite a written policy and procedure requiring that it pay these hours, when employees who did not take FMLA were paid their unused accrued PTO at the conclusion of their employment.

70. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his right to leave pursuant to the FMLA.

71. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

72. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

WHEREFORE Plaintiff, MICHAEL MEDELLIN, demands judgment against Defendant for the value of lost compensation, an equal amount as liquidated damages, other monetary damages, interest, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## FAILURE TO PAY ACCRUED PTO

73. Plaintiff re-alleges paragraphs 1 through 44 of the Complaint, as if fully set forth herein.

74. Defendant RRC had a policy and practice of paying accrued unused PTO at the conclusion of its employees' employment.

75. This employment benefit constitutes wages under Florida law.

76. Defendant did not pay Mr. Medellin his unused accrued PTO at the conclusion of his employment.

77. In denying Mr. Medellin payment for his accrued unused PTO, Defendants failed to pay Plaintiff all of his earned wages.

78. Plaintiff is entitled to payment of his accrued unused PTO.

79. Plaintiff is entitled to reasonable attorneys' fees and costs expended in recovering his earned wages, in accordance with Fla. Stat. § 448.08.

WHEREFORE Plaintiff, MIKE MEDELLIN, demands judgment against Defendant RRC for the value of his accrued unused PTO, interest, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV
## FLSA

80. Plaintiff re-alleges paragraphs 1 through 16 and 46 through 51 of the Complaint, as if fully set forth herein.

81. For approximately the last eighteen months of his employment, Plaintiff worked hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

82. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

83. Defendant's actions were willful an; d/or showed reckless disregard for the FMLA provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek when it knew such was, and is, due. Specifically, Defendant paid Plaintiff correctly for his overtime hours during part of his employment, but ceased to do so, and also violated its own handbook policies about the payment of overtime.

84. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

85. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages; a declaration that Defendants' conduct violated the FLSA; as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 6th day of September, 2019.

Respectfully submitted,

_/s/ Angeli Murthy_
Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Road, 4th Floor
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Trial Counsel for Plaintiff*
